UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>YAHQUB BELLO,<br><br>Defendant. | Case No. 1:16-cr-00238-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant's *pro se* Motion for Return of Property Pursuant to Federal Rule of Criminal Procedure 41(g). Dkt. 96. Defendant requests the return of $15,000 seized during a search of his home. He also requests the return of 2 laptop computers and 2 iPhones ("electronic devices"). Submitted with respect to Defendant's Motion is an affidavit filed by Ayodeji Babaniyi asserting entitlement to a portion of the money seized and a request that it be returned to him. Dkt. 97. The Government filed a response indicating that it has made efforts to return the electronic devices. *See* Dkt. 98. For the reasons explained below, the Court will deny the Motion as to the money. The Government is ordered to respond within 30 days as to the status of the electronic devices.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

On November 27, 2017, Defendant was sentenced to 15 months imprisonment after pleading guilty to bank fraud. *See* Dkt. 72. As part of the Plea Agreement, Defendant agreed to forfeit $12,380 seized from his bedroom closet and $1,800 seized from his wallet during a search conducted by law enforcement. *See* Dkt. 27 at 6. Upon his guilty plea, the Court entered a Preliminary Order of Forfeiture listing the cash sums as property subject to forfeiture. Dkt. 53 at 2. On April 26, 2018, the Court entered a Final Order of Forfeiture and noted that no claims had been filed. Dkt. 94.

Defendant now requests the return of the money and electronic devices seized during the search of his home.

## ANALYSIS

The Court will deny the defendant's request for the return of the money seized. Defendant claims that he is entitled to the money because it is not a fruit or instrumentality of criminal activity and thus not subject to forfeiture. However, this money was properly forfeited.  Pursuant to the Plea Agreement, Defendant agreed to forfeit the monies seized from his bedroom and wallet. Dkt. 27 at 6. Additionally, the Court issued a Final Order of Forfeiture to which there were no claims filed. Accordingly, neither Defendant nor Mr. Babaniyi have rights to the

money and the request for its return is denied. *See United States v. Fitzen*, 80 F.3d 387, 389 (9th Cir. 1996).

As to the electronic devices, the Government has indicated that it has reached out to Defense counsel to return those items. The Government is hereby ordered to respond within thirty (30) days as to the status of the electronic devices.

## ORDER

**IT IS ORDERED that:**

1. Defendant's Motion for Return of Property (Dkts. 96, 97) is **DENIED** without prejudice. Defendant may refile his motion if the electronic devices have not been returned upon the Government's response to this Order.

2. The Government shall respond within 30 days of this Order as to the status of returning the electronic devices.

DATED: March 10, 2021

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 3**

**MEMORANDUM DECISION AND ORDER - 4**